IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WILLIAM WILBORN, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:16-cv-00008 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| HALIFAX COUNTY (VIRGINIA) ) | By: Hon. Jackson L. Kiser |
| SCHOOL BOARD, ) | Senior United States District Judge |
| ) | |
| Defendant. ) | |

Before me is Defendant Halifax County (Virginia) School Board's Motion to Dismiss, in which it argues that Plaintiff William Wilborn's claims are barred by Virginia's *res judicata* rule. The matter has been fully briefed by the parties, and I have reviewed the record, relevant law, and arguments of counsel. For the reasons stated herein, Defendant's Motion to Dismiss will be granted, and Plaintiff's claims will be dismissed with prejudice.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

Plaintiff William Wilborn ("Plaintiff" or "Wilborn") was employed by Defendant Halifax County (Virginia) School Board ("the Board") as a continuing contract teacher from 2005 to 2014. (Compl. ¶¶ 5–6 [ECF No. 1-1].) Wilborn requested FMLA leave on April 3, 2014; while on leave, Assistant Superintendant Valdivia Marshall informed Plaintiff that the Board proposed to terminate his employment. (Id. ¶ 15.) On April 25, 2014, Plaintiff requested a hearing on his proposed termination. (Id. ¶ 16.) The hearing officer ultimately recommended that Plaintiff's termination be upheld, and the Board terminated Plaintiff on June 2, 2014. (Id. ¶ 19.)

---

[1] The facts are taken from Plaintiff's Complaint and the relevant state court pleadings, see Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396–97 (4th Cir. 2006) (per curiam). At this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff filed suit against the Board in Halifax County Circuit Court on June 9, 2014, alleging a violation of his due process rights and breach of contract. (See Def.'s Mem. in Supp. of Mot. to Dismiss [hereinafter "Def.'s Mem."] Ex. A [ECF No. 8-1].) The Board filed a demurrer to both counts, and the Circuit Court sustained the demurrer and dismissed Plaintiff's complaint without prejudice. (Id. Ex. C [ECF No. 8-3].) Plaintiff filed an amended complaint reasserting both claims. (See id. Ex. D [ECF No. 8-4].) The Board filed a second demurrer. (Id. Ex. E [ECF No. 8-5].) After the Board filed its second demurrer but before the hearing on that demurrer, Plaintiff nonsuited *only* his breach-of-contract claim. (See id. Ex. F [ECF No. 8-6].) The court granted Plaintiff's request for a nonsuit. When it reached the merits of the Board's demurrer on the remaining claim (violation of Plaintiff's due process rights), the Circuit Court sustained the demurrer and dismissed Plaintiff's amended complaint with prejudice. (See id. Ex. H [ECF No. 8-8].) Plaintiff appealed this decision, but the Supreme Court of Virginia denied his petition for appeal. (See id. Ex. J [ECF No. 8-10].)

Plaintiff filed a second lawsuit against the Board on February 2, 2016, reasserting his previously nonsuited breach-of-contract claim and adding claims that the Board's termination of Plaintiff violated the Family Medical Leave Act. (See Compl. ¶¶ 21–46.) The Board removed that action to this Court on February 22 and filed a motion to dismiss on February 24. (Mot. to Dismiss, Feb. 24, 2016 [ECF No. 7].) In its motion, the Board asserts that Plaintiff's claims are barred by *res judicata*. Plaintiff responded on March 10, 2016 [ECF No. 12], and the Board replied on March 17 [ECF No. 14]. I heard oral arguments on the Motion on May 9, 2016.

## II. STANDARD OF REVIEW

Allegations that claims are *res judicata* are challenged under Rule 12(b)(6). See, e.g., Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. DISCUSSION

"Under the Full Faith and Credit Act, state judicial decisions 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" Ghayyada v. Rector & Visitors of Univ. of Va., Case No. 3:11-cv-00037, 2011 WL 4024799, at *3 (W.D. Va. Sept. 12, 2011) (quoting 28 U.S.C. § 1738). Federal courts, therefore, "give the same preclusive effect to state court judgments that those judgments would be given in state courts of the State from which the judgments emerged." Baker v. GMC, 522 U.S. 222, 246 (1998) (Kennedy, J., concurring). In other words, a federal court interprets the issue of *res judicata* stemming from a Virginia court judgment by applying Virginia preclusion rules in the same manner that a Virginia court would.

- 3 -

As is applicable here, the Virginia claim preclusion rule is found in Rule 1:6 of the Rules of the Supreme Court of Virginia. The Rule states, in pertinent part:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from the same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceedings depended, or the particular remedies sought.

Va. Sup. Ct. R. 1:6(a). "Accordingly, the rule 'operates to bar any claim that could have been brought in conjunction with a prior claim, where the claim sought to be barred arose out of the same conduct, transaction, or occurrence as the previously litigated claim.'" Ghayyada, 2011 WL 4024799, at *4 (quoting Martin-Bangura v. Commonwealth Dep't of Mental Health, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009)).

In the present case, Plaintiff concedes that his denial-of-due-process claim was dismissed with prejudice, and that that ruling operates to bar any claim arising out of the same conduct, transaction, or occurrence. He disputes, however, that his breach-of-contract claim arose out of the same transaction because that claim arose out of his termination, not his grievance of that termination. This argument draws distinctions that the applicable case law rejects.

Just as in Ghayyada v. Rector & Visitors of the University of Virginia, "[t]he elements of the preclusion rule are satisfied in relation to Plaintiff's [FMLA and breach of contract] claims, and would therefore bar those claims if Plaintiff attempted to litigate them in state court." Id. The original state court action involved the same parties: Wilborn and the Board. Plaintiff's FMLA and breach-of-contract claims "arose out of the same transaction at issue in the earlier proceeding: [Wilborn's] termination." Id.; see also Allstar Towing Inc. v. City of Alexandria,

- 4 -

344 S.E.2d 903, 905–06 (Va. 1986) ("For the purposes of *res judicata*, a 'cause of action' may be defined broadly 'as an assertion of particular legal rights which have arisen out of a definable factual transaction.'" (quoting Bates v. Devers, 202 S.E.2d 917, 921 n.8 (Va. 1974))); accord Holmes v. Va. Cmty. Coll. Sys., No. 1:09-cv-00059, 2010 WL 420048, at *6 (W.D. Va. Feb. 1, 2010); Ghayyada v. Rector & Visitors of Univ. of Va., No. 3:11-cv-00037, 2011 WL 4024799, at *4 (W.D. Va. Sept. 12, 2011); Vuyyuru v. Jadhav, No. 3:10-BCVB-173, 2011 WL 1483725, at *4 (E.D. Va. Apr. 19, 2011). "It is clear that [Wilborn] could have raised similar claims in [his grievance] proceeding." Ghayyada, 2011 WL 4024799, at *4 (citing Va. Code Ann. § 2.2-3004A). Thus, because one of Plaintiff's claims regarding his termination ended in a final judgment on the merits, Rule 1:6 serves to bar any future litigation between Wilborn and the Board concerning his termination.

Plaintiff contends that the nonsuit of his breach-of-contract action in his first state court action distinguishes this case from Martin-Bangura. He asserts that Rule 1:6, which is merely a rule of court, cannot supersede his statutory right to re-file any nonsuited claim within the proscribed time period. See Va. Code Ann. § 8.01-380 (2015); see also id. § 8.01-229(E)(3) (discussing the time in which a plaintiff must re-file a nonsuited action).

Although Plaintiff is correct that the Virginia statute entitled him to re-file his nonsuited claim, his statutory right to re-file has not been impeded in any way. He has re-filed without hindrance. Now that his claim has been filed with—and is before—this Court, however, he must answer as to the merits of the Board's *res judicata* defense. As the Supreme Court of Virginia has stated, "[t]he conflict . . . suggested by [Wilborn] does not exist." Lambert v. Javed, 641 S.E.2d 109, 111 (Va. 2007). Plaintiff's right to take a nonsuit and re-file his action does not strip the Board of its right to assert a *res judicata* defense. When Plaintiff re-filed his nonsuited action in Halifax County Circuit Court, he received the benefit provided by Va. Code Ann. § 8.01-380.

Lambert v. Javed confirms this conclusion. In that case, a plaintiff filed one action in circuit court alleging claims relating to the death of Jerry Lee Lambert (Case 1). Id. at 110. While Case 1 was pending, the plaintiff filed Case 2 against the same parties as in Case 1 but added defendants. Id. Case 2 asserted the same claims as Case 1 and added another. Id.

While Cases 1 and 2 were pending, the plaintiff took a voluntary nonsuit of Case 1. Id. Shortly thereafter, the plaintiff re-filed his nonsuited action as Case 3, omitting one defendant but being, in all other respects, identical to Case 1. Id. While Case 3 was pending, the defendants in Case 2 "filed pleas of the statute of limitations and [the plaintiff] filed for a nonsuit." Id. The circuit court concluded that, because Case 2 was filed outside of the statute of limitations, it could not consider the nonsuit. Id. It dismissed Case 2 with prejudice. Id.

Following the dismissal of Case 2 with prejudice, the defendants in Case 3 filed a plea in bar asserting a defense of *res judicata*, "arguing that the dismissal order in Case 2 adjudicated [the plaintiff's] claim against them and, therefore, Case 3 was barred." Id. The trial court agreed, and the plaintiff appealed to the Supreme Court of Virginia.

In upholding the trial court, the Supreme Court rejected the very same "conflict" argument Plaintiff makes here:

> The conflict in policies suggested by [the plaintiff] does not exist. The policy underlying the nonsuit and tolling provisions simply allows a plaintiff to avoid forfeiture of his ability to have his claim heard provided he meets certain time limitations in refiling his previously nonsuited action. Indeed, [the plaintiff] received the benefit of this policy when she timely filed Case 3. The policy underlying both the res judicata doctrine and a dismissal with prejudice is that when a plaintiff's claim against a defendant has been resolved adversely to the plaintiff, whether on the merits or because of another bar to recovery such as sovereign immunity or the statute of limitations, the plaintiff is not allowed to subject the defendant to repetitive litigation on the same, previously resolved claim. Accordingly, these policies are not in conflict and their application, although ultimately unfavorable to [the plaintiff] in this case, was appropriate here.

<u>Id.</u> at 111.  For the same reasons, the nonsuit and *res judicata* policies are not in conflict here, and their application, although unfavorable to Plaintiff, is appropriate.

It is evident that, had Plaintiff nonsuited his entire action rather than proceeding on his due-process claim, the Board would be forced to defend this action on the merits.  Plaintiff, however, was unintentionally hoisted by his own procedural petard.  Virginia law holds that he had "one opportunity to assert all causes of action arising from" his termination.  <u>Va. Cmty. Coll. Sys. v. Holmes</u>, Case No. 1:09-cv-00059, 2010 WL 420048, at *6 (W.D. Va. Feb. 1, 2010) (Report & Recommendation), <u>adopted by</u> 2010 WL 652981 (W.D. Va. Feb. 22, 2010).  Because that opportunity has come and gone, Plaintiff is barred from relitigating the issue, regardless of the theory asserted or claims sought.  The Board's Motion to Dismiss will be granted.

### IV.    <u>CONCLUSION</u>

Plaintiff's FMLA, breach-of-contract, and due-process claims all arose from the same transaction or occurrence—Plaintiff's termination.  As such, under the applicable Virginia rule, the due-process claim's dismissal with prejudice operates to bar any subsequent action against the Board arising from his termination.  The fact that one of the claims now asserted was previously nonsuited does not alter the applicability of the rule.  All that the Virginia nonsuit statute guarantees is that Plaintiff may reassert his nonsuited action within the prescribed period of time.  Now that he has been afforded that right, he must address the Board's *res judicata* defense.  Because that defense is meritorious, Plaintiff's claims will be dismissed.

- 7 -

Case 4:16-cv-00008-JLK-RSB   Document 17   Filed 05/23/16   Page 7 of 8   Pageid#: 208

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 23rd day of May, 2016.

                                                s/Jackson L. Kiser
                                                SENIOR UNITED STATES DISTRICT JUDGE

- 8 -

Case 4:16-cv-00008-JLK-RSB   Document 17   Filed 05/23/16   Page 8 of 8   Pageid#: 209